1  C.R. Barclay, Ch. 7 Trustee
P.O. Box 26099
2  Santa Ana, CA 92799
Telephone (714) 415-4040
3  Facsimile (714) 662-0801
Email barclay7trustee@lecg.com
4
Chapter 7 Trustee for
5  Midland Euro Exchange, Inc. and related cases

6               UNITED STATES BANKRUPTCY COURT

7               CENTRAL DISTRICT OF CALIFORNIA

8               SAN FERNANDO VALLEY DIVISION

9  In re:                                    )  Case No. SV 03-13981 GM
                                             )  [Includes cases previously designated
10                                           )  Bk. Case Nos. SV 03-13982-AG,
                                             )  SV 03-13986-AG, SV-0313987-AG, and
11     Substantively Consolidated Bankruptcy )  SV-03-13989-AG]
       Estates of MIDLAND EURO               )
12     EXCHANGE, INC., MIDLAND EURO,         )
       INC., MIDLAND GROUP, INC.,            )  Chapter 7
       MOSHE LEICHNER, and ZVI              )
13     LEICHNER,                            )
                                             )  CHAPTER 7 TRUSTEE'S NOTICE OF
14                                           )  MOTION AND MOTION FOR ORDER
                                             )  ALLOWING CLAIMS IN REDUCED
15                                           )  AMOUNTS (CLAIM NOS.: 3 – LLOYD
                                             )  PELLEGRINO TRUST / DONNA L.
16         Debtors.                         )  PELLEGRINO TRUST; 44 – LENISTON
                                             )  FAMILY LIVING TRUST – ORPHANIDIS;
                                             )  70 – DOV KAGAN; 71 – MORDECHAI
17                                           )  MILLER; 81 – THE FOX TRUST; 139 – URI
                                             )  MICHAELI; 140 – URI & JOSHUA
18                                           )  MICHAELI); DECLARATION OF C.R.
                                             )  BARCLAY IN SUPPORT THEREOF
19                                           )
                                             )  Date:     December 16, 2009
20                                           )  Time:     10:00 a.m.
                                             )  Place:    Courtroom 303
21                                           )            21041 Burbank Boulevard
                                             )            Woodland Hills, CA 91367
22                                           )  Judge:    Honorable Geraldine Mund
                                             )
23                                           )
                                             )
24                                           )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27  _____)  1

28  In re: Midland Euro Exchange, Inc., Midland Euro Inc., Midland Group Inc., Moshe Leichner, Zvi Leichner, Debtors;
    U.S.B.C. Case No.: SV 03-13981 GM; Chapter 7 Trustee's Notice of Motion and Motion for Order Allowing Claims in
    Reduced Amounts (Claim Numbers 3, 44, 70, 71, 81, 139 and 140);
    Declaration of C.R. Barclay In Support Thereof.

1  **TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE &**
2  **BELOW LISTED CREDITORS:**

3      **PLEASE TAKE NOTICE** that on December 16, 2009, at 10:00 a.m., or as soon thereafter as

4  the Trustee may be heard, in Courtroom 303 of the United States Bankruptcy Court, located at

5  21041 Burbank Boulevard, Woodland Hills, California, before the Honorable Geraldine Mund,

6  United States Bankruptcy Judge, C.R. Barclay, chapter 7 trustee (the "Trustee") of Midland Euro

7  Exchange, Inc., Midland Euro, Inc., Midland Group, Inc., Moshe Leichner and Zvi Leichner (the

8  "Debtors"), will and hereby does object (the "Objection"), to claims against Debtors, identified

9  herein, pursuant to 11 U.S.C. § 502, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and

10 other applicable law. By the Objection, the Trustee seeks to reduce the allowance of claims in this

11 bankruptcy case due to inaccuracies/overstatements in the claim amounts as filed, as well as due to

12 distributions received by the claimants in connection with their corresponding allowed class action

13 claims.  This Objection is based upon this Notice of Motion, the attached Memorandum of Points

14 and Authorities, the Declaration of C.R Barclay, referenced exhibits, the concurrently filed Request

15 for Judicial Notice in Support of Claims Objections, the pleadings on file with the Court, and such

16 additional evidence as may be property submitted before or at the hearing on the motion.  Parties

17 receiving this Objection should carefully review the Objection to determine the nature of the

18 Objection as it pertains to their claim(s).  Claims may be subject to one or more objections.  The

19 Trustee may bring other and further objections to claims filed in Debtors' bankruptcy case, whether

20 or not such claims are subject to this Objection.

21      **PLEASE TAKE FURTHER NOTICE** that Rules 3007-1 and 9013-1 of the Local Rules of the

22 United States Bankruptcy Court for the Central District of California (the "Local Bankruptcy Rules")

23 prescribe the procedures to be followed with respect to this Objection.  Any opposition or response

24 to the relief requested in the Objection must be filed with the Court and served upon the following

25 parties no later than fourteen days before the date designated for hearing:

26           Office of the United States Trustee
27           21051 Warner Center Lane, Suite 115
           Woodland Hills, CA 91367 2

28

---

In re: Midland Euro Exchange, Inc., Midland Euro Inc., Midland Group Inc., Moshe Leichner, Zvi Leichner, Debtors;
U.S.B.C. Case No.: SV 03-13981 GM; Chapter 7 Trustee's Notice of Motion and Motion for Order Allowing Claims in
Reduced Amounts (Claim Numbers 3, 44, 70, 71, 81, 139 and 140);
Declaration of C.R. Barclay In Support Thereof.

1

2          C.R. Barclay, Chapter 7 Trustee
           c/o LECG, LLC
3          600 Anton Boulevard, Suite 1350
           Costa Mesa, CA 92626

4

5    Any such response shall include any declarations or memorandum of law that such party wishes to

6    present in support of its position.

7          **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 9013-1(h), failure to file and

8    serve a timely response to the Objection may be deemed by the Court to be consent to the granting

9    of the relief requested by the Objection and the Court may enter an order granting the requested

10   relief by default.

11         **WHEREFORE,** for the reasons set forth herein, the Trustee respectfully requests that the

12   Court sustain the Objection as to all claims identified herein and grant to the Trustee such other and

13   further relief as the Court deems appropriate under the circumstances of this case.

14

15   Dated:  November 4, 2009              Respectfully submitted,

16

17                          By:/s/ C.R. Barclay_____
                               C.R. Barclay, Chapter 7 Trustee

18

19

20

21

22

23

24

25

26

27                                    3

28

# I.

## INTRODUCTION

On May 8, 2003 (the "Petition Date"), involuntary bankruptcy petitions were filed against Midland Euro Exchange, Inc., Midland Euro, Inc., Midland Group, Inc., Moshe Leichner and Zvi Leichner.   On May 16, 2003, the U.S. Bankruptcy Court granted emergency motions for the appointment of an interim trustee and appointed Christopher R. Barclay as chapter 7 trustee (the "Trustee").   The claims that are the subject of this objection were filed by creditors who filed corresponding allowed claims in the related class action case titled *Gonzales v. Lloyds TSB Bank*, U.S.D.C. Case No. 06-1433 (the "Class Action") and who received a distribution on account of such Class Action claims.   In addition, the claims set forth herein include inaccuracies and/or overstatements and are also objectionable on those bases.   By this Objection, the Trustee requests that the claims as listed on Exhibit A to the accompanying Declaration of C.R. Barclay be reduced/adjusted to amounts according to the Debtors' records and/or according to claim determinations in the Class Action case, and furthermore, by the amount that each such claimant received on account of his or her allowed Class Action claim.

In connection with this claim objection, the Trustee requests that the Court take judicial notice pursuant to Fed.R.Evid. 201 of the "Declaration of C.R. Barclay, Chapter 7 Trustee, Regarding Distributions Made to Claimants in Class Action Case No.: CV 06-1433 Filed in Support of Trustee's Claim Objections" (the "Trustee Class Action Declaration").   Accordingly, a "Request to Take Judicial Notice in Support of Claims Objections" is being filed concurrently with, and in support of this and other similar claim objections ("Request for Judicial Notice").   The Trustee Class Action Declaration was filed in this case on September 14, 2009 [docket entry number: 898].   The separately filed Trustee Class Action Declaration contains detailed information regarding the Class Action, the claims allowed in the Class Action and the amount distributed on account of each claim allowed in the Class Action.

/////

In re: Midland Euro Exchange, Inc., Midland Euro Inc., Midland Group Inc., Moshe Leichner, Zvi Leichner, Debtors;
U.S.B.C. Case No.: SV 03-13981 GM; Chapter 7 Trustee's Notice of Motion and Motion for Order Allowing Claims in
Reduced Amounts (Claim Numbers 3, 44, 70, 71, 81, 139 and 140);
Declaration of C.R. Barclay In Support Thereof.

1    Nothing contained in this Objection shall be or be deemed to be an admission by the Trustee

2    or Debtors' estate of liability on any claims, and the Trustee, on behalf of itself and Debtors' estate,

3    hereby reserves all rights and recoveries against all parties (including any avoidance actions under

4    Part V of the Bankruptcy Code).  The Trustee may bring other and further objections to any claims

5    in Debtors' bankruptcy case, whether or not such claims are subject to this Objection.

6

7                                                              **II.**

8    **CLAIMS WHICH ARE THE SUBJECT OF THIS OBJECTION SHOULD BE REDUCED DUE TO**

9    **INACCURACIES AND/OR OVERSTATEMENTS IN THE PROOFS OF CLAIM AS FILED AND**

10    **BY THE AMOUNT OF THE DISTRIBUTIONS RECEIVED ON THE CORRESPONDING**

11    **CLAIMS ALLOWED IN THE CLASS ACTION LITIGATION CASE**

12    Claims as detailed and indexed on **Exhibit A** attached to the "Declaration of C.R. Barclay"

13    (the "Barclay Declaration") annexed hereto are the subject of this objection.  An index detailing

14    claims which are the subject of this objection and related exhibits references follows:

| Proof of Claim No. | Claim Amount | Claimant Name | Barclay Declaration Exhibit Reference |
|---|---|---|---|
| 3 | $ 220,921.24 | Lloyd Pellegrino Trust / Donna L. Pellegrino Trust | **B** |
| 44 | $ 232,576.85 | Leniston Family Living Trust – Orphanidis | **C** |
| 70 | $ 103,464.00 | Dov Kagan | **D** |
| 71 | $  86,294.00 | Mordechai Miller | **E** |
| 81 | $ 170,129.61 | The Fox Trust | **F** |
| 139 | $  54,238.00 | Uri Michaeli | **G** |
| 140 | $ 117,787.47 | Uri & Joshua Michaeli | **H** |

23    Exhibit A to the Barclay Declaration is a schedule that details the proposed allowable

24    general unsecured claim amount (in the column labeled "A"), the amount of any distribution made

25    on a corresponding Class Action claim of the same creditor (in the column labeled "B"), followed

26    by a **new** proposed allowed general unsecured claim amount (in the column labeled "C")

27                                                              5

(Proposed Allowable General Unsecured Claim Amount *minus* Distributions in the Class Action = NEW Proposed Allowed General Unsecured Claim Amount).

The Proposed Allowable General Unsecured Claim Amounts as set forth on Exhibit A to the Barclay Declaration are based on the Debtors' available records and the determined claim amounts in the Class Action case, which for these particular claims is the same (or not materially different). For claimants with allowed claims in the Class Action, the allowed Class Action claim amount is determinative of the allowable amount of their claims in the Debtors' bankruptcy case. See <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741 (9th Cir. 2006). Therefore, the Proposed Allowable General Unsecured Claim Amount for the claims which are the subject of this objection is the same as the claim allowance for each respective claim in the Class Action case.

Exhibit A to the Barclay Declaration also sets forth the Distributions in the Class Action, which is the amount each claimant received on their allowed Class Action Claim.

Lastly, Exhibit A to the Barclay Declaration shows a **NEW Proposed Allowed General Unsecured Claim Amount** which is the result of the Proposed Allowable General Unsecured Bankruptcy Claim Amount LESS Distributions in the Class Action. The NEW Proposed Allowed General Unsecured Claim Amount is the final allowed amount the Trustee proposes for the claims which are the subject of this objection.

Claim number 3, attached as **Exhibit B** to the Barclay Declaration, was filed by creditor Lloyd Pellegrino Trust / Donna L. Pellegrino Trust on July 21, 2003 in the amount of $220,921.24. Based on the documentation attached to the proof of claim and the Trustee's independent review of the Debtors' books and records and Class Action case documents regarding the creditor's Class Action claim, the actual cash loss suffered by Lloyd Pellegrino Trust / Donna L. Pellegrino Trust on account of investments with the Debtors was $100,000.00. The Class Action case provided for payment of individual investor claims allowed in the Class Action. Lloyd Pellegrino Trust / Donna L. Pellegrino Trust's Class Action claim was allowed in the amount of $100,000.00, therefore, it received a distribution from the Class Action case [see Request for Judicial Notice]. The

6

distribution received from the Class Action was in the amount of $17,783.08.  Accordingly, the Trustee has identified claim number 3 as an allowable general unsecured claim in the adjusted amount of **$82,216.92** (A. Proposed Allowable General Unsecured Claim Amount of $100,000.00 – B. Distribution in the Class Action of $17,783.08 = C. NEW Proposed Allowed General Unsecured Claim Amount of $82,216.92).

Claim number 44, attached as **Exhibit C** to the Barclay Declaration, was filed by creditor Leniston Family Living Trust - Orphanidis on July 14, 2003 in the amount of $232,576.85.  Based on the documentation attached to the proof of claim and the Trustee's independent review of the Debtors' books and records and Class Action case documents regarding the creditor's Class Action claims, the actual cash loss suffered by the Leniston Family Living Trust - Orphanidis on account of investments with the Debtors was $139,539.00.  As indicated above, the Class Action case provided for payment of individual investor claims allowed in the Class Action.  The Leniston Family Living Trust – Orphanidis' Class Action claims were allowed in the total amount of $139,539.00, therefore, it received distributions from the Class Action case [see Request for Judicial Notice].  The distributions received from the Class Action were in the total amount of $24,814.32.  Accordingly, the Trustee has identified claim number 44 as an allowable general unsecured claim in the adjusted amount of **$114,724.68** (A. Proposed Allowable General Unsecured Claim Amount of $139,539.00 – B. Distributions in the Class Action of $24,814.32 = C. NEW Proposed Allowed General Unsecured Claim Amount of $114,724.68).

Claim number 70, attached as **Exhibit D** to the Barclay Declaration, was filed by creditor Dov Kagan on November 5, 2003 in the amount of $103,464.00.  Based on the documentation attached to the proof of claim and the Trustee's independent review of the Debtors' books and records and Class Action case documents regarding the creditor's Class Action claim, the actual cash loss suffered by Dov Kagan on account of investments with the Debtors was $101,000.00.  As indicated above, the Class Action case provided for payment of individual investor claims allowed in the Class Action.  Dov Kagan's Class Action claim was allowed in the amount of $101,000.00,

7

therefore, he received a distribution from the Class Action case [see Request for Judicial Notice]. The distribution received from the Class Action was in the amount of $17,960.91.  Accordingly, the Trustee has identified claim number 70 as an allowable general unsecured claim in the adjusted amount of **$83,039.09** (A. Proposed Allowable General Unsecured Claim Amount of $101,000.00 – B. Distribution in the Class Action of $17,960.91 = C. NEW Proposed Allowed General Unsecured Claim Amount of $83,039.09).

Claim number 71, attached as **Exhibit E** to the Barclay Declaration, was filed by creditor Mordechai Miller on November 5, 2003 in the amount of $86,294.00.  Based on the documentation attached to the proof of claim and the Trustee's independent review of the Debtors' books and records and Class Action case documents regarding the creditor's Class Action claim, the actual cash loss suffered by Mr. Miller on account of investments with the Debtors was $80,000.00.  As indicated above, the Class Action case provided for payment of individual investor claims allowed in the Class Action.  Mr. Miller's Class Action claim was allowed in the amount of 80,000.00, therefore, he received a distribution from the Class Action case [see Request for Judicial Notice]. The distribution received from the Class Action was in the amount of $14,226.46.  Accordingly, the Trustee has identified claim number 71 as an allowable general unsecured claim in the adjusted amount of **$65,773.54** (A. Proposed Allowable General Unsecured Claim Amount of $80,000.00 – B. Distribution in the Class Action of $14,226.46 = C. NEW Proposed Allowed General Unsecured Claim Amount of $65,773.54).

Claim number 81, attached as **Exhibit F** to the Barclay Declaration, was filed by creditor The Fox Trust on November 13, 2003 in the amount of $170,129.61.  Based on the documentation attached to the proof of claim and the Trustee's independent review of the Debtors' books and records and Class Action case documents regarding the creditor's Class Action claim, the actual cash loss suffered by The Fox Trust on account of investments with the Debtors was $20,500.00.  As indicated above, the Class Action case provided for payment of individual investor claims allowed in the Class Action.  The Fox Trust's Class Action claim was allowed in the amount of $20,500.00,

8

1  therefore, it received a distribution from the Class Action case [see Request for Judicial Notice].  The

2  distribution received from the Class Action was in the amount of $3,645.43.  Accordingly, the

3  Trustee has identified claim number 81 as an allowable general unsecured claim in the adjusted

4  amount of **$16,854.57** (A. Proposed Allowable General Unsecured Claim Amount of $20,500.00 – B.

5  Distribution in the Class Action of $3,645.43 = C. NEW Proposed Allowed General Unsecured

6  Claim Amount of $16,854.57).

7  Claim number 139, attached as **Exhibit G** to the Barclay Declaration, was filed by creditor

8  Uri Michaeli on December 30, 2003 in the amount of $54,238.00.  Based on the documentation

9  attached to the proof of claim and the Trustee's independent review of the Debtors' books and

10  records and Class Action case documents regarding the creditor's Class Action claim, the actual

11  cash loss suffered by Mr. Michaeli on account of investments with the Debtors was $23,800.00.  As

12  indicated above, the Class Action case provided for payment of individual investor claims allowed

13  in the Class Action.  Mr. Michaeli's Class Action claim was allowed in the amount of $23,800.00,

14  therefore, he received a distribution from the Class Action case [see Request for Judicial Notice].

15  The distribution received from the Class Action was in the amount of $4,232.37.  Accordingly, the

16  Trustee has identified claim number 139 as an allowable general unsecured claim in the adjusted

17  amount of **$19,567.63** (A. Proposed Allowable General Unsecured Claim Amount of $23,800.00 – B.

18  Distribution in the Class Action of $4,232.37 = C. NEW Proposed Allowed General Unsecured

19  Claim Amount of $19,567.63).

20  Claim number 140, attached as **Exhibit H** to the Barclay Declaration, was filed by creditor

21  Uri and Joshua Michaeli on December 30, 2003 in the amount of $117,787.47.  Based on the

22  documentation attached to the proof of claim and the Trustee's independent review of the Debtors'

23  books and records and Class Action case documents regarding the creditor's Class Action claim, the

24  actual cash loss suffered by Uri and Joshua Michaeli on account of investments with the Debtors

25  was $97,428.00.  As indicated above, the Class Action case provided for payment of individual

26  investor claims allowed in the Class Action.  Uri and Joshua Michaeli's Class Action claim was

27  9

allowed in the amount of $97,428.00, therefore, they received a distribution from the Class Action case [see Request for Judicial Notice].  The distribution received from the Class Action was in the amount of $17,325.70.  Accordingly, the Trustee has identified claim number 140 as an allowable general unsecured claim in the adjusted amount of **$80,102.30** (A. Proposed Allowable General Unsecured Claim Amount of $97,428.00 – B. Distribution in the Class Action of $17,325.70 = C. NEW Proposed Allowed General Unsecured Claim Amount of $80,102.30).

## III.

## CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that the Court enter its order sustaining the Objection to the claims identified herein and at Exhibit A to the Barclay Declaration for the reasons stated and granting to the Trustee, on behalf of Debtors' estate, such other and further relief as the Court deems to be appropriate under the circumstances of this bankruptcy case.

Respectfully submitted,

Dated: November 4, 2009

By: /s/ C.R. Barclay
     C.R. Barclay
     Chapter 7 Trustee

### DECLARATION OF C.R. BARCLAY

I, C.R. BARCLAY, declare as follows:

1.    I am the duly appointed, qualified and acting Chapter 7 trustee of the above captioned bankruptcy estate.    All the information contained herein is within my personal knowledge, except for those matters alleged on information and belief and as to those matters I believe them to be true.  If called as a witness, I could competently testify thereto.

2.    Attached hereto as **Exhibit A** is a summary of claims that are objectionable because they include inaccuracies and/or overstatements and should be reduced due to distributions received by such claimants on their corresponding allowed Class Action claims.

3.    Claim number 3 is attached hereto as **Exhibit B**.  I have identified claim number 3 filed by creditor Lloyd Pellegrino Trust / Donna L. Pellegrino Trust on July 21, 2003 as an allowable bankruptcy claim in the amount of $100,000.00 that needs to be reduced by $17,783.08, which is the amount of the trust's distribution from the Class Action. Based on the documentation attached to the proof of claim and my independent review of the Debtors' books and records and Class Action case documents regarding the creditor's Class Action claim, the actual cash loss suffered by Lloyd Pellegrino Trust / Donna L. Pellegrino Trust on account of investments with the Debtors was $100,000.00.    However, the trust also has an allowed Class Action claim in the amount of $100,000.00 and received a distribution from the Class Action case in the amount of $17,783.08 [see Request for Judicial Notice].  Accordingly, I have identified claim number 3 as an allowable general unsecured claim in the adjusted amount of **$82,216.92** (A. Proposed Allowable General Unsecured Claim Amount of $100,000.00 – B. Distribution in the Class Action of $17,783.08 = C. NEW Proposed Allowed General Unsecured Claim Amount of $82,216.92).

4.    Claim number 44 is attached hereto as **Exhibit C**.  I have identified claim number 44 filed by creditor Leniston Family Living Trust - Orphanidis on July 14, 2003 as an allowable bankruptcy claim in the amount of $139,539.00 that needs to be reduced by $24,814.32, which is the amount of Leniston Family Living Trust - Orphanidis' distribution from the Class Action. Based on

11

1  the documentation attached to the proof of claim and my independent review of the Debtors' books

2  and records and Class Action case documents regarding the creditor's Class Action claims, the

3  actual cash loss suffered by Leniston Family Living Trust - Orphanidis on account of investments

4  with the Debtors was $139,539.00.  However, Leniston Family Living Trust - Orphanidis also have

5  allowed Class Action claim(s) totaling $139,539.00 and received distributions from the Class Action

6  in the total amount of $24,814.32 [see Request for Judicial Notice].  Accordingly, I have identified

7  claim number 44 as an allowable general unsecured claim in the adjusted amount of **$114,724.68** (A.

8  Proposed Allowable General Unsecured Claim Amount of $139,539.00 – B. Distributions in the

9  Class Action of $24,814.32 = C. NEW Proposed Allowed General Unsecured Claim Amount of

10  $114,724.68).

11       5.      Claim number 70 is attached hereto as **Exhibit D**.  I have identified claim number 70

12  filed by creditor Dov Kagan on November 5, 2003 as an allowable bankruptcy claim in the amount

13  of $101,000.00 that needs to be reduced by $17,960.91, which is the amount of Mr. Kagan's

14  distribution from the Class Action.  Based on the documentation attached to the proof of claim and

15  my independent review of the Debtors' books and records and Class Action case documents

16  regarding the creditor's Class Action claim, the actual cash loss suffered by Mr. Kagan on account

17  of investments with the Debtors was $101,000.00.  However, Mr. Kagan also has an allowed Class

18  Action claim in the amount of $101,000.00 and received a distribution from the Class Action in the

19  amount of $17,960.91 [see Request for Judicial Notice].  Accordingly, I have identified claim number

20  70 as an allowable general unsecured claim in the adjusted amount of **$83,039.09** (A. Proposed

21  Allowable General Unsecured Claim Amount of $101,000.00 – B. Distribution in the Class Action of

22  $17,960.91 = C. NEW Proposed Allowed General Unsecured Claim Amount of $83,039.09).

23       6.      Claim number 71 is attached hereto as **Exhibit E**.  I have identified claim number 71

24  filed by creditor Mordechai Miller on November 5, 2003 as an allowable bankruptcy claim in the

25  amount of $80,000.00 that needs to be reduced by $14,226.46, which is the amount of Mr. Miller's

26  distribution from the Class Action.  Based on the documentation attached to the proof of claim and

27                                              12

28

1    my independent review of the Debtors' books and records and Class Action case documents

2    regarding the creditor's Class Action claim, the actual cash loss suffered by Mr. Miller on account of

3    investments with the Debtors was $80,000.00. However, Mr. Miller also has an allowed Class

4    Action claim in the amount of $80,000.00 and received a distribution from the Class Action in the

5    amount of $14,226.46 [see Request for Judicial Notice]. Accordingly, I have identified claim number

6    71 as an allowable general unsecured claim in the adjusted amount of **$65,773.54** (A. Proposed

7    Allowable General Unsecured Claim Amount of $80,000.00 – B. Distribution in the Class Action of

8    $14,226.46 = C. NEW Proposed Allowed General Unsecured Claim Amount of $65,773.54).

9         7.      Claim number 81 is attached hereto as **Exhibit F**. I have identified claim number 81

10   filed by creditor The Fox Trust on November 13, 2003 as an allowable bankruptcy claim in the

11   amount of $20,500.00 that needs to be reduced by $3,645.43, which is the amount of The Fox Trust's

12   distribution from the Class Action. Based on the documentation attached to the proof of claim and

13   my independent review of the Debtors' books and records and Class Action case documents

14   regarding the creditor's Class Action claim, the actual cash loss suffered by The Fox Trust on

15   account of investments with the Debtors was $20,500.00. However, The Fox Trust also has an

16   allowed Class Action claim in the amount of $20,500.00 and received a distribution from the Class

17   Action in the amount of $3,645.43 [see Request for Judicial Notice]. Accordingly, I have identified

18   claim number 81 as an allowable general unsecured claim in the adjusted amount of **$16,854.57** (A.

19   Proposed Allowable General Unsecured Claim Amount of $20,500.00 – B. Distribution in the Class

20   Action of $3,645.43 = C. NEW Proposed Allowed General Unsecured Claim Amount of $16,854.57).

21         8.      Claim number 139 is attached hereto as **Exhibit G**. I have identified claim number

22   139 filed by creditor Uri Michaeli on December 30, 2003 as an allowable bankruptcy claim in the

23   amount of $23,800.00 that needs to be reduced by $4,232.37, which is the amount of Mr. Michaeli's

24   distribution from the Class Action. Based on the documentation attached to the proof of claim and

25   my independent review of the Debtors' books and records and Class Action case documents

26   regarding the creditor's Class Action claim, the actual cash loss suffered by Mr. Michaeli on account

27                                         13

28   In re: Midland Euro Exchange, Inc., Midland Euro Inc., Midland Group Inc., Moshe Leichner, Zvi Leichner, Debtors;
U.S.B.C. Case No.: SV 03-13981 GM; Chapter 7 Trustee's Notice of Motion and Motion for Order Allowing Claims in
Reduced Amounts (Claim Numbers 3, 44, 70, 71, 81, 139 and 140);
Declaration of C.R. Barclay In Support Thereof.

1   of investments with the Debtors was $23,800.00.  However, Mr. Michaeli also has an allowed Class

2   Action claim in the amount of $23,800.00 and received a distribution from the Class Action in the

3   amount of $4,232.37 [see Request for Judicial Notice].  Accordingly, I have identified claim number

4   139 as an allowable general unsecured claim in the adjusted amount of **$19,567.63** (A. Proposed

5   Allowable General Unsecured Claim Amount of $23,800.00 – B. Distribution in the Class Action of

6   $4,232.37 = C. NEW Proposed Allowed General Unsecured Claim Amount of $19,567.63).

7       9.      Claim number 140 is attached hereto as **Exhibit H**.  I have identified claim number

8   140 filed by creditor Uri and Joshua Michaeli on  December 30, 2003 as an allowable bankruptcy

9   claim in the amount of $97,428.00 that needs to be reduced by $17,325.70, which is the amount of

10  the Michaelis' distribution from the Class Action.  Based on the documentation attached to the

11  proof of claim and my independent review of the Debtors' books and records and Class Action case

12  documents regarding the creditor's Class Action claim, the actual cash loss suffered by Uri and

13  Joshua Michaeli on account of investments with the Debtors was $97,428.00.  However, the

14  Michaelis also have an allowed Class Action claim in the amount of $97,428.00 and received a

15  distribution from the Class Action in the amount of $17,325.70 [see Request for Judicial Notice].

16  Accordingly, I have identified claim number 140 as an allowable general unsecured claim in the

17  adjusted amount of **$80,102.30** (A. Proposed Allowable General Unsecured Claim Amount of

18  $97,428.00 – B. Distribution in the Class Action of $17,325.70 = C. NEW Proposed Allowed General

19  Unsecured Claim Amount of $80,102.30).

20      10.     In connection with this claim objection, I request that the Court take judicial notice

21  pursuant to Fed.R.Evid. 201 of the "Declaration of C.R. Barclay, Chapter 7 Trustee, Regarding

22  Distributions Made to Claimants in Class Action Case No.: CV 06-1433 Filed in Support of Trustee's

23  Claim Objections" (the "Trustee Class Action Declaration").  A "Request to Take Judicial Notice in

24  Support of Claims Objections" is being filed concurrently with, and in support of this and other

25  similar claim objections.  The Trustee Class Action Declaration was filed in this case on September

26  14, 2009 [docket entry number: 898].  The separately filed Trustee Class Action Declaration contains

27                                            14

28

1  detailed information regarding the Class Action, the claims allowed in the Class Action and the

2  amount distributed on account of each claim allowed in the Class Action.

3

4        I declare under penalty of perjury that the foregoing is true and correct.  Executed this 4th

5  day of November 2009, at Costa Mesa, California.

6

7                                                            /s/ C.R. Barclay

8                                                            C.R. Barclay

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        15

28
---
In re: Midland Euro Exchange, Inc., Midland Euro Inc., Midland Group Inc., Moshe Leichner, Zvi Leichner, Debtors;
U.S.B.C. Case No.: SV 03-13981 GM; Chapter 7 Trustee's Notice of Motion and Motion for Order Allowing Claims in
Reduced Amounts (Claim Numbers 3, 44, 70, 71, 81, 139 and 140);
Declaration of C.R. Barclay In Support Thereof.

| In re<br>MIDLAND EURO EXCHANGE, INC.<br><br>Debtor(s). | CHAPTER 7<br><br>CASE NO.: 1:03-13981-GM |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

P.O. Box 26099, Santa Ana, CA  92799

The foregoing document described **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING CLAIMS IN REDUCED AMOUNTS (CLAIM NOS.: 3 – LLOYD PELLEGRINO TRUST / DONNA L. PELLEGRINO TRUST; 44 – LENISTON FAMILY LIVING TRUST – ORPHANIDIS; 70 – DOV KAGAN; 71 – MORDECHAI MILLER; 81 – THE FOX TRUST; 139 – URI MICHAELI; 140 – URI & JOSHUA MICHAELI); DECLARATION OF C.R. BARCLAY IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On November 16, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at email address(es) indicated below:

☒  Service information continued on attached page

**II. SERVED BY U.S. MAIL:**
On November 16, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Judge: Honorable Geraldine Mund, United States Bankruptcy Court, 21041 Burbank Blvd, Suite 342, Woodland Hills, CA 91367

☒  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY:**
Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 16, 2009 | Diana Talpos | /s/ Diana Talpos |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1

| In re<br>MIDLAND EURO EXCHANGE, INC.<br><br>Debtor(s). | CHAPTER 7<br><br>CASE NO.: 1:03-13981-GM |
|---|---|

### Parties Served by Court Via Notice of Electronic Filing ("NEF")

Simon Aron                saron@wrslawyers.com
Reem J Bello              rbello@wgllp.com
Christopher L Blank       clblank@pacbell.net
Rebecca J Callahan        rcallahan@callahanlaw.biz
John Case                 jcase@caseweblaw.com
Baruch C Cohen            bcc4929@aol.com
Stephen H Darrow          bklaw321@yahoo.com
Andrew A Goodman          agoodman@andyglaw.com
Leonard L Gumport         lgumport@grlegal.com
David R Hagen             drh@forbankruptcy.com
David S Hagen             go4broq@earthlink.net
Joon M Khang              joon@khanglaw.com
Elan S Levey              elevey@richardsonpatel.com, lgreenstein@laklawyers.com; rfeldon@laklawyers.com
Samuel R Maizel           smaizel@pszjlaw.com, smaizel@pszjlaw.com
Peter J Mastan            pmastan@pszjlaw.com
C John M Melissinos       jmelissinos@andrewskurth.com, jreinglass@rutterhobbs.com
Dennette A Mulvaney       dmulvaney@bisnosam.com
Lisa N Nobles             lnobles@grlegal.com
Lawrence Peitzman         lpeitzman@pwkllp.com
John P Reitman            john@grlegal.com
David J Richardson        djrichardson@winston.com
Jacqueline L Rodriguez    jlr@lnbrb.com
Mary H Rose               mrose@proskauer.com, mrose@buchalter.com
Andrew S Rotter           arotter@grlegal.com
David B Shemano           dshemano@pwkllp.com
James C Shields           james@shieldslaw.org, Gabriel@shieldslaw.net
Gary E Slater             ges@slatertruxaw.com
Evan D Smiley             esmiley@wgllp.com
Andrew Edward Smyth       smythmichelle@sbcglobal.net
Howard Steinberg         hsteinberg@irell.com, awsmith@irell.com
Maria W Tam               tammailbox@gmail.com
U.S. Trustee (SV)         ustpregion16.wh.ecf@usdoj.gov
Gilbert B Weisman         notices@becket-lee.com
Robert W Yaspan           ryaspan@yaspanlaw.com, tmenachian@yaspanlaw.com
Aleksandra Zimonjic       azimonjic@lblaw.llp, azimonjic@lblawllp.com, kmoss@lblawllp.com
Martin S Zohn             mzohn@proskauer.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re<br>MIDLAND EURO EXCHANGE, INC.<br><br>Debtor(s). | CHAPTER 7<br><br>CASE NO.: 1:03-13981-GM |
|---|---|

**Parties Served by U.S. Mail**

**Debtors and their Counsel**

**Midland Euro Exchange, Inc.; Midland Euro, Inc.;
Midland Group, Inc.; Mosche Leichner; and Zvi
Leichner
[Debtors]**
c/o Daniel Cheren, Esq.
Cheren & Associates
16055 Ventura Boulevard, Suite 525
Encino, CA 91436

**Midland Euro Exchange, Inc.; Midland Euro, Inc.;
Midland Group, Inc.; Mosche Leichner; and Zvi
Leichner
[Debtors]**
c/o Zvi Liechner, Regis. No. 21663-112
CI Taft
Correctional Institution
P.O. Box 7001
Taft, CA 93268

**Midland Euro Exchange, Inc.; Midland Euro, Inc.;
Midland Group, Inc.; Mosche Leichner; and Zvi
Leichner
[Debtors]**
Mosche Leichner
Regis. No. 21664-112
FCI Big Spring
Federal Correctional Institution
1900 Simler Ave
Big Spring, TX 79720

**Counsel to Debtors Midland Euro Exchange, Inc.;
Midland Euro, Inc.;
Midland Group, Inc.; Mosche Leichner; and Zvi
Leichner**
c/o of Peter W. Scalisi, Esq.
3877 12th Street
Riverside, CA 92501

**Midland Euro Exchange, Inc.; Midland Euro, Inc.;
Midland Group, Inc.; Mosche Leichner; and Zvi
Leichner
[Debtors]**
~~c/o Michael McDonnell, Esq.~~
~~418 E. La Habra Boulevard~~
~~La Habra, CA 90631-5525~~
*(Removed from mailing list
per letter dated October 21, 2009
from Michael McDonnell)*

**Midland Euro Exchange, Inc.; Midland Euro, Inc.;
Midland Group, Inc.; Mosche Leichner; and Zvi
Leichner
[Debtors]**
c/o William O'Bryan, Esq.
322 Culver Boulevard, No. 310
Playa Del Rey, CA 90293

**Midland Euro Exchange, Inc.; Midland Euro, Inc.;
Midland Group, Inc.; Mosche Leichner; and Zvi
Leichner
[Debtors]**
~~c/o Victor Sherman, Esq.~~
~~2115 Main Street~~
~~Santa Monica, CA 90405~~
*(Removed from mailing list
per letter dated October 20, 2009
from Victor Sherman)*

**Claimants**

~~Lloyd D. Pellegrino Trust/Donna L. Pellegrino Trust~~
~~L.D. Pellegrino~~
~~915 Mesquite Springs Dr., # 201~~
~~Mesquite, NV 89027-2373~~
*(Mail returned undeliverable. Trustee provided with
current addresses, added below.)*

Lloyd D. Pellegrino Trust
Donna L. Pellegrino Trust
2200 Pebble Beach Drive
Lawrenceville, GA 30043-8363

Lloyd D. Pellegrino Trust
Donna L. Pellegrino Trust
c/o Kochis
P.O. Box 815
Na'alehu, HI 96772-0815

Leniston Family Living Trust-Orphanidis
Patricia Orphanidis
3911 S. Tumbleweed Lane
Chandler, AZ 85248-4494

Dov Kagan
P.O.B. 9730
Haifa 31096
Israel

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

F 9013-3.1

| In re<br>MIDLAND EURO EXCHANGE, INC.<br><div align="right">Debtor(s).</div> | CHAPTER 7<br><br>CASE NO.: 1:03-13981-GM |
|---|---|

Mordechai Miller
P.O.B. 9730
Haifa 31096
Israel

The Fox Trust
2670 Royal Park Dr.
Cameron Park, CA 95682

Michaeli Uri
Koyfman Str. 26
Haifa
Israel

Michaeli, Joshua & Uri
Michaeli Uri
Koyfman Str. 26
Haifa
Israel

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1

*January 2009*